UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GABOR FEKETE,<br>　　　　　　　　　　Petitioner,<br>　　v.<br>THE ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br>　　　　　　　　　　Respondent. | Case No. 2:15-cv-00645-MMD-NJK<br><br>ORDER |

Gabor Fekete, who is detained at the Henderson Detention Center in Henderson, Nevada, has filed two *pro se* documents; he styled the first one as "The Matter of Gabor Fekete In Detention Proceeding" (dkt. no. 1), and the second as "motion for writ of habeas corpus" (dkt. no. 2). In the first, he sets forth fourteen paragraphs of factual allegations that reflect the following. (Dkt. no. 1.) He was detained by "United States Immigration" on or about December 3, 2014, and he has no criminal history in the United States. On January 21, 2015, a Las Vegas Immigration Judge ("IJ") set his bond at $3,500.00. (*Id.*)  His family cannot afford that sum. Fekete urges that he has strong family ties in Las Vegas and is not a flight risk. He asks this Court to order his release on his own recognizance. The second document is similar; petitioner also states that he cannot marshal the evidence in support of his immigration case while in custody. (Dkt. no. 2.)

It appears that Fekete seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his bond determination. His filing suffers from several Defects.

First and foremost, petitioner has not submitted a completed application to proceed *in forma pauperis* or paid the filing fee, and he has not submitted a habeas petition on the Court-required form. Accordingly, this action has not been properly commenced. Moreover, it is evident from the face of his filings that he has not exhausted his administrative remedies. Aliens who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an IJ. *See Casas-Castrillon v. Department of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008). If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals]." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). If they remain dissatisfied, they may file a petition for habeas corpus in the district court to assert constitutional claims and legal errors. *See Singh v. Holder*, 638 F.3d 1196, 1200-03 (9th Cir. 2011).

Moreover, here, petitioner states that his bond was set on January 21, 2015. (Dkt. no. 1.) He attempted to initiate this federal action on April 7, 2015. (*See id.*) Petitioner makes no mention of filing an administrative appeal to challenge the bond determination, and the Court may take judicial notice of the fact that it is simply not possible that he filed such an appeal and received a decision in the less than three-month period between the bond determination and his attempt to commence a habeas action in this Court. As explained above, petitioner must pursue an administrative appeal before filing a federal habeas petition. *See Prieto-Romero v. Clark*, 534 F.3d 1053; *Casas-Castrillon*, 535 F.3d 942; *Singh*, 638 F.3d 1196. Accordingly, this petition must be dismissed without prejudice as improperly commenced and for failure to exhaust administrative remedies.

If petitioner fully pursues his administrative remedies and remains dissatisfied, he may file a new § 2241 habeas petition in this Court, in a new case, with a new case number. Such petition must be accompanied by either a completed application to proceed *in forma pauperis* or the $5.00 filing fee.

1    It is therefore ordered that petitioner's motion for release (dkt. no. 1) and motion
2 for writ of habeas corpus (dkt. no. 2) are both denied.

3    It is further ordered that this action is dismissed as improperly commenced and
4 for failure to exhaust administrative remedies.

5    It is further ordered that such dismissal is without prejudice to the filing of a new
6 petition in a new action with either the full filing fee or a properly completed application
7 form to proceed *in forma pauperis,* if necessary, after petitioner has exhausted his
8 administrative remedies.

9    It is further ordered that a certificate of appealability is denied, as jurists of reason
10 would not find the Court's dismissal of this improperly commenced action without
11 prejudice to be debatable or incorrect.

12   It is further ordered that the Clerk shall send petitioner two (2) copies each of an
13 application form to proceed *in forma pauperis* for incarcerated persons and a § 2241
14 habeas petition form, one (1) copy of the instructions for each form, and a copy of the
15 papers that he submitted in this action.

16   It is further ordered that the Clerk shall enter judgment accordingly and close this
17 case.

18   DATED THIS 28th day of May 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE